MATHEW T. CRONIN, PROSECUTOR, v. WILLIAM P. LEE
AND ROBERT C. KING, RESPONDENTS.

HORACE ROBERSON, PROSECUTOR, v. WILLIAM P. LEE
AND ROBERT C. KING, RESPONDENTS.

HENRY WILSON, PROSECUTOR, v. WILLIAM P. LEE AND
ROBERT C. KING, RESPONDENTS.

HUGH MARA, PROSECUTOR, v. WILLIAM P. LEE AND
ROBERT C. KING, RESPONDENTS.

Argued March 9, 1918—Decided March 23, 1918.

1. Section 12 of the statute providing for a recall election (*Pamph.
   L.* 1911, *p.* 462), and the amendments thereof, does not author-
   ize a justice of the Supreme Court to order the municipal clerk
   to call such an election until the clerk has made a determination
   as to the sufficiency or the insufficiency of the petition filed pray-
   ing for such an election. It is the duty of the municipal clerk to
   make such a determination; if he determines the petition sufficient
   then it is his duty to call an election, and a neglect to perform
   this duty is enforcible by *mandamus,* and not by an order of
   the justice under section 12.
2. The statute requires the municipal clerk to determine the suffi-
   ciency of the petition; if he finds it sufficient it is his duty to
   call the election; if he finds it insufficient he must report his
   objections to the justice of the Supreme Court holding the circuit
   in the county where the municipality is located, and the justice
   then sustains or overrules the objections; if sustained, the peti-
   tion is then returned to the petitioners; if overruled it then be-
   comes the duty of the clerk to call the election. In either of
   these cases the clerk may be required to perform his duty by
   *mandamus.* If the clerk determines the petition to be insufficient
   but does not report his objections to the justice of the Supreme
   Court, he may be compelled to make such a report, but until the
   sufficiency of the petition is determined the justice of the Su-
   preme Court cannot, by a summary order under section 12, direct
   the clerk to call the election.

On *certiorari* to review an order of a justice of the Supreme Court directing a city clerk to call an election to determine whether certain city commissioners be recalled.

Before Justices BERGEN and BLACK.

For the prosecutors, *Collins & Corbin.*

For the respondents, *Marshall Van Winkle* and *Alfred Brenner.*

The opinion of the court was delivered by

BERGEN, J.   Petitions were filed in each of the above-stated cases with the clerk of the city of Bayonne requesting him to call an election to determine whether the voters of the city desired the recall of the prosecutor in each of the four cases, according to the provisions of "An act relating to, regulating and providing for the government of cities, towns, boroughs and other municipalities within this state" (*Pamph. L.* 1911, *p.* 462), and the supplements thereto and amendments thereof, the prosecutors having been previously elected as members of the board of commissioners of the city and then being in office.   Although the proceeding against each prosecutor was distinct, the substantial questions involved are the same and the cases were argued together.

The undisputed facts are that after the petitions were filed the city clerk determined that they did not conform to the statute and presented his objections in writing to the justice of the Supreme Court assigned to hold the Circuit Court in the county within which the city was located, who, after examining the petitions, sustained certain of the objections and made an order "that because of such objections the names of signers of said petition hereinafter set forth are hereby rejected from the petition."   As the names thus rejected reduced the number of petitioners below the number required by statute, the justice also ordered "that as to the further objection which reads as follows:   'That 712 names appear on the petition where signers of affidavits have not been

registered,' such objection was not passed upon or considered because it was unnecessary." The petitions were thereupon returned by the clerk to the agent of the petitioners. Subsequent to this the petitioners secured additional signers, on separate papers, and attached them to the original petitions and refiled both the original and the additional petitions with the clerk who determined, but not within the ten days fixed by the statute, that the petitions were still insufficient, but did not return the petition to the petitioners or make a report to the justice who, on the 31st day of January, 1918, made an order in each case that the city clerk immediately proceed to call an election for the recall of each of the commissioners, and, evidently being of opinion that the right to make the orders under the conditions present debatable, immediately allowed a writ of *certiorari* in each case to review the respective orders, the allocaturs containing a stay.

The defendants are William P. Lee, city clerk, and Robert C. Ring, agent for the petitioners.

The proofs taken in support of the writ of *certiorari* show that between the original filing of the petitions and the refiling of them as amended, a general election had taken place; that there was a new registry list, and that a considerable number of the signers of the additional petitions were not registered voters at the last previous election. On the argument the insufficiency of the petitions was not seriously contested, the principal, if not the only, ground upon which the defendants rely, is that the amended petitions were new petitions, and that the city clerk not having filed any objections with the justice of the Supreme Court within ten days after the filing, the prosecutors are estopped to deny their sufficiency, and for want of such exceptions by the city clerk the orders under review are final, and the sufficiency of the petitions is not subject to investigation by this court.

Assuming that these petitions when last filed by the city clerk were new petitions, and that the clerk did not determine them to be insufficient within the time limited by the statute, or file with the justice of the Supreme Court any objections to them, the question is presented whether the neglect of the

clerk justifies such justice in making the orders under review
without any determination that the petitions conform with
the law.

If this be answered in the affirmative, then it is within the
power of the city clerk to procure the calling of such an elec-
tion upon an illegal petition by refusing to perform his legal
duty to determine its sufficiency. The statute requires the
city clerk to determine either that the petition does comply
with the statute or that it does not. If he decides that it
does, he must call the election; if he decides that it does not,
he is not required to call it unless the justice of the Supreme
Court acting, not as a judicial officer, but as the agent of the
state in aid of its election machinery, overrules his objections,
in which case, it being determined that the petition is in
compliance with the law, it becomes his duty to so decide and
call the election; in either case he must make a determina-
tion, and his refusal is the non-performance of a legal duty
enforceable by *mandamus* only. The justice of the Supreme
Court in the performance of his duty under this statute has
no power to order an election called unless it can be implied
from section 12 of the supplement to the statute (*Pamph. L.*
1915, *p.* 622), to be later considered, for his power is limited
in section 11 to sustaining or overruling any or all objections
of the city clerk. If the clerk is sustained then there is no
proper petition, but if he is overruled, then there is a petition
which complies with the law and he must act accordingly.
His legal duty being established, its performance can be en-
forced by *mandamus*.

The defendants rely upon section 12 of the act of 1915 to
sustain their position that the justice of the Supreme Court
may make an order requiring the clerk to call the election
prayed for in the petition without any determination by him,
if the clerk fail to file objections to the petitions, and that
such order is final.

If the section be given this broad construction, then the
justice can order such an election without the determination
by the city clerk either for or against the sufficiency of the
petition, all that is required is non-action by the clerk. This

section does not go to this extent. It provides that in order to carry out the spirit of the law and prevent the failure of the recall election, "by reason of any conflict of laws or inadequacy of laws, dispute, misunderstanding or other cause, the justice of the Supreme Court holding the Circuit in which the municipality is located, shall have power, upon complaint of the agent, city clerk, incumbent or nominee, to make any order or regulation which in his judgment is necessary or convenient to enable a fair and impartial recall election to be held, and such order or regulation shall be final."

This language manifestly relates only to the conduct of the election after it has been called "to prevent the failure of the recall election," for the order he is to make is "to enable a fair and impartial recall election to be held," not to provide for the holding of the election; for if this be not so, the justice would have the power to order an election without a legal petition being filed should the clerk fail to perform his duty. A section of the statute must be interpreted in connection with other sections which it contains, and, applying that rule to the present case, the legislature has not said, and could not have intended, after providing for the ascertainment of the sufficiency of the petition upon which the recall election is based, in which the justice of the Supreme Court may be called upon to participate, that he should have the power to order an election in the face of an insufficient petition, and in the absence of any report by the city clerk.

The statute carefully provides the terms upon which a recall election may be had, and section 12 simply relates to matters which arise after the election has been called, in order to prevent its failure or to provide that it be held in a fair and impartial manner.

We have no doubt of the power of this court to look into the record upon which these orders are based, and in doing so, we find that in the three cases in which Mara, Roberson and Wilson are the respective prosecutors, it appears that excluding the names of signers who are not registered, and those appearing more than once, there are not sufficient signers to comply with the law, and, therefore, as to them, at least, the orders should be set aside.

The petitions upon which the orders are based were submitted to the court, but they are so voluminous that it was impossible to devote sufficient time to examine each name and compare the names of the signers with the registry list, but, in the case of one of the petitions, a part of the whole, it appears that nearly the entire list of names were signed by the same person, and its presentation was a manifest fraud, which ought not to have escaped the notice of the person presenting the petition. This fact being brought to the notice of the counsel for the petitioners, it is only fair to them to say that they made no effort to defend the sufficiency of the petitions, but relied upon the estoppel which they claim arose from the order of the justice directing the clerk to call the election, which order we hold, under present conditions, he had no power to make. This result renders it unnecessary to express any opinion on the other questions raised by prosecutors on the argument.

The orders under review will be set aside in each case, with costs.